**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EDWARD JEFFERSON | : | |
| Plaintiff | : | |
| v | : | Civil Action No. JFM-05-2304 |
| JAMES PEGUESE, *et al.* | : | |
| Defendants | : | |

o0o

## MEMORANDUM

Pending is plaintiff's motion to appoint counsel (Papers No. 10 and 14), motion to amend the complaint (Paper No. 12), and motion for order for injunctive relief. (Paper No. 13). In addition, plaintiff seeks entry of default judgment against defendants who he asserts were served with the complaint. Paper No. 11.

Motions to Amend and Seek Default

Because the complaint has not yet been served,[1] the motion to amend the complaint shall be granted and the request for default judgment will be denied as premature.

Motions for Appointment of Counsel

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[2] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686

---

[1] Although this court issued an order requiring service of the complaint, service has not yet taken place due to a clerical error. Service of the complaint shall take place forthwith and defendants will be required to respond to the allegations therein within 60 days of acceptance of service.

[2] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*. Upon careful consideration of the motions and previous filings by plaintiff, this court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Moreover, plaintiff's claim regarding retaliation and conditions of confinement is not unduly complicated. Therefore, this court concludes that there are no exceptional circumstances which would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1). His motions shall be denied without prejudice.

### Motion for Injunctive Relief

The legal standard to apply in considering an application for injunctive relief is found in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), wherein injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) the public interest will be served if the injunction is granted. *See Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000).

The initial factor to be examined in the aforementioned analysis is the "likelihood of irreparable harm to the plaintiff." Indeed, the failure to make a clear showing of irreparable harm is by itself a ground upon which to deny a preliminary injunction. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.) In addition, the required

irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).

In his motion for injunctive relief plaintiff asserts that prison officials are not complying with regulations requiring a hearing within 7 days of placement on disciplinary segregation. Paper No.13. He claims that he and other inmates are being forced to stay on segregation for 15 to 30 days before being scheduled for a hearing on disciplinary charges. *Id*. Notably absent from the motion is any mention by plaintiff of attempts to resolve this matter through available administrative procedures. In addition, there is no allegation from which the threat of permanent harm to plaintiff can be discerned. Plaintiff has, therefore, failed to state sufficient allegations entitling him to injunctive relief and the motion shall be denied.

A separate order follows.

December 13, 2005                                /s/
Date                                             J. Frederick Motz
                                                 United States District Judge