**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EDWARD JEFFERSON                               :

     Plaintiff                               :

v                                             :             Civil Action No. JFM-05-2304

JAMES PEGUESE, *et al.*                        :

     Defendants                            :
o0o

**<u>MEMORANDUM</u>**

Pending in the above-captioned civil rights action is defendants' motion to dismiss or for summary judgment.  Paper No. 40.  Although plaintiff was advised of his right to file an opposition to the motion and granted an additional period of time to do so, he has not opposed the motion.  *See* Papers No. 41 and 43.  Upon review of the papers filed, this court finds a hearing in this matter unnecessary.  *See* Local Rule 105.6.  For the reasons stated below, defendants' motion, construed as a motion for summary judgment, shall be granted.

Background

The complaint alleges that plaintiff was improperly placed on segregation from April 1, 2005 to August 11, 2005, after being charged with masturbating in the presence of  correctional officer Daniella Duman and failing to stop after being ordered to do so.  Paper No. 1.  Plaintiff alleges that the institutional adjustment hearing held on April 14, 2005, which resulted in a guilty finding, was improper.  Defendants admit that plaintiff requested as evidence at the adjustment hearing the video tape of the incident from the housing unit.  Paper No. 40 at p. 8.  The adjustment hearing officer denied the request and based the guilty finding on the testimony offered.  *Id*.  The guilty finding was later reversed by the Inmate Grievance Office (IGO) because the evidence should have been considered.  *Id*.  Plaintiff was not re-charged because the video-tape was no longer available.  *Id*.

Plaintiff also alleges that in May of 2005, plaintiff claimed that he witnessed Officer Ragin holding an inmate who was in full restraints while another officer hit the inmate in the face several times. Paper No. 1. Plaintiff filed a complaint regarding the incident and claims that as a result, he alleges that on June 4, 2005, Ragin threatened him with physical violence[1] during a verbal confrontation. Plaintiff was charged with use of threatening language toward Ragin in a notice of institutional rule violation. Paper No. 40 at Ex. Infractions, p. 10. After an adjustment hearing in which plaintiff and two other inmates requested by plaintiff testified, he was found guilty as charged. The hearing officer found that the witnesses testifying on plaintiff's behalf provided conflicting testimony and gave Ragin's testimony credibility. *Id.* at pp. 13– 14. Plaintiff's chief complaint regarding the adjustment proceeding was that Ragin should not have been permitted to represent the institution during the hearing since he was the reporting officer. *Id.* at pp. 16 – 18. That complaint was addressed in a letter from the chief adjustment hearing officer who explained that the institutional representative at an adjustment hearing does not serve as a neutral party and there is no prohibition against the reporting officer serving in both capacities. *Id.*

Plaintiff again received an infraction on November 13, 2005, charging him with masturbating in the presence of a female officer and continuing to do so despite orders to stop. *Id.* at p. 19. At the adjustment hearing plaintiff again claimed the notice of infraction was written as retaliation for a previous problem he had with the officer. *Id.* at p. 20. In addition, plaintiff claimed that the charge was false because it did not state that he was sharing the cell with another inmate. *Id.* The

---

[1] According to the notice, plaintiff told Ragin he was coming off of lock-up soon and that he planned to assault him with a knife.

adjustment hearing officer rejected plaintiff's defense and found him guilty. *Id.* at p. 21.  Plaintiff filed a complaint with the chief adjustment hearing officer concerning the fact that he was not provided with an adjustment hearing within seven days of the date he was charged.  *Id.* at p. 22. Plaintiff's complaint was addressed and he was informed that failure to strictly comply with the time frames provided by regulations did not warrant dismissal of the subject charges.  *Id.*

Plaintiff also alleges that his continued classification as a maximum security inmate is improper and due to the fact that classification counselors are not doing their jobs properly.  He claims that he was improperly denied state-issued clothing and was denied the right to have two appliances in his cell.  He states that segregation inmates were forced to miss an evening meal because officers did not complete a cell-extraction procedure until the following morning.  He further claims that correctional staff used chemical agents to effect removal of inmates from the tier.

Finally, plaintiff alleges that administrative remedy coordinator Shavella Watkins either threw away complaints filed for processing or improperly dismissed them as untimely.  As evidence of this conduct, plaintiff claims he filed complaints about conditions on the segregation tier and was not provided with a response.  In a decision by the IGO regarding the allegation, plaintiff's claim was found to lack credibility.  Paper No. 40 at Ex. Inmate Grievance Office Decision.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party,"

then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other  facts immaterial."  *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"  *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North*

*Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)).

There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for

that party. If the evidence is merely colorable, or is not significantly probative, summary judgment

may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

Construing plaintiff's complaint liberally, the complaint and amended complaint raise

claims that plaintiff was denied due process in connection with institutional adjustment proceedings;

that conditions under which he was confined violate the Eighth Amendment; and that he has been

subjected to retaliation for exercising his right to access the courts.

Due Process Claim

Where a prisoner faces the possible loss of good conduct credits as a result of prison

disciplinary proceedings, he is entitled to certain due process protections. *See Wolff v. McDonnell*,

418 U.S. 539 (1974). These include advance written notice of the charges against him, a hearing,

the right to call witnesses and present evidence when doing so is not inconsistent with institutional

safety and correctional concerns, and a written decision. *Wolff*, 418 U. S. at 564-571. Substantive

due process is satisfied if the disciplinary hearing decision was based upon "some evidence."

*Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).

Plaintiff's claim regarding the April, 2005 adjustment conviction was based in part on his

assertion that the video-tape from the housing unit was not considered as evidence by the hearing

officer. The conviction was reversed in an appeal and plaintiff was not re-charged because the

video-tape was no longer available for consideration. That right was found to have been violated

by the administrative law judge and the Secretary of the Division of Correction. The question

remains whether a defect at one level of prison disciplinary proceedings can be "cured" by actions taken at an internal appellate level and/or in new proceedings; in other words, did the decision reversing the adjustment hearing officer's decision cure the due process violation committed by the adjustment hearing officer.  A number of courts have examined this issue and concluded that "there is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morisssette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (citing *Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991)); *Young v. Hoffman*, 970 F. 2d 1154, 1156 (2nd Cir. 1992) ("administrative reversal constituted part of the due process protection [inmate] received, and it cured any procedural defect that may have occurred").  The gravamen of plaintiff's complaint regarding the violation of due process during his first adjustment hearing is the loss of a liberty interest that resulted.  There is no question that plaintiff has a liberty interest in maintaining earned good conduct credits.  It is well established that the revocation of good conduct credits may not take place without first providing the inmate with the protections of procedural due process. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  There is no claim in the instant case that plaintiff has suffered a loss of good conduct credit as a result of the April, 2005 adjustment conviction. The only claim raised is whether plaintiff's confinement to segregation violated his due process rights.

The liberty interest plaintiff asserts is tenuous at best.  The touchstone for determining whether a particular housing assignment within the prison invokes a liberty interest has been explained by the Supreme Court. "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515

U.S. 472, 483– 84 (1995). In *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) this standard was applied to allegations that confinement to administrative segregation for six months in "cells [that] were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above."  The court held that those conditions did not implicate a liberty interest in avoiding administrative segregation because they did not represent a significant hardship.  *Id*.   Given this analysis, it is easy to conclude that plaintiff's confinement to disciplinary segregation was not a significant hardship.   The conditions of confinement on disciplinary segregation that plaintiff here alleges do not begin to approach the level of significant hardship contemplated by the applicable standard.   Thus, defendants are entitled to summary judgment with respect to the April 2005 adjustment conviction.

The remaining adjustment conviction claims are based on plaintiff's allegation that he charged with the violations as retaliation for previous disagreements with the charging officers. Plaintiff's claims to that effect were considered by the adjustment hearing officer and were rejected based on a credibility determination.  The constitutional evidentiary standard for prison disciplinary convictions requires "some evidence."  *See Hill*, 472 U.S. at 455.  Federal courts generally will not review accuracy of disciplinary committee's findings of fact.  *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980).  Such findings will be disturbed only when unsupported by any evidence, or wholly arbitrary and capricious.  *See Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981).

With respect to the determination of witness credibility, the adjustment hearing officer is in a unique position to make that determination through observation of each witness's demeanor.  The finding that plaintiff's claim that he was set up was less credible than the reporting officers' account

of the events is not wholly arbitrary and capricious.   Accordingly, defendants are entitled to summary judgment with respect to the remaining adjustment conviction claims.

Retaliation Claim

In order to prevail on a claim of retaliation, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).  It is unclear how much of a showing of adversity must be made in order to survive a motion for summary judgment.  *Compare Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim).  A complaint which alleges retaliation in wholly conclusory terms, however, may safely be dismissed on the pleading alone. *See Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).

The only adversity alleged by plaintiff are the adjustment convictions he cites, which led to the decision to maintain his classification level as maximum.  Defendants have presented evidence that the adjustment convictions were supported by adequate evidence and when there was a procedural error, the conviction was reversed.   In addition, defendants point out that plaintiff qualified for an increase in his security classification, but an override was used to prevent his transfer to a super-maximum security prison. *See* Paper No. 40 at Ex. Case Management, pp. 2– 4. Plaintiff's status as a segregation inmate was also reviewed on a regular basis.  *See Id*. at pp. 5– 9. To the extent that staff occasionally did not comply with regulations governing the provision of

showers, recreation and other activities for segregation inmates, those occasions were due to legitimate security concerns and cannot form the basis of a retaliation claim. *See Id*. at Ex. 1.

To the extent that plaintiff alleges a claim that his access to courts was encumbered by the mishandling of his administrative remedy requests, he has failed to allege facts sufficient to establish such a claim. There is no allegation that plaintiff was unable to file a meritorious claim or that he missed a filing deadline. The claim, to the extent it is raised, is conclusory and must fail.

### Conditions Claim

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "[T]o withstand summary judgement on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.), *cert. denied*, 114 S. Ct. 393 (1993).

Plaintiff's claims with respect to the conditions of confinement in segregation include delays in showers and recreation as well as allegations that prison staff do not conduct reviews for purposes of releasing inmates from segregation and restoring good conduct time. The claims do not include

an allegation that plaintiff has suffered significant physical or emotional injury resulting from the conditions present in the segregation unit.  Indeed plaintiff's medical records indicate no serious physical or emotional condition resulting from his confinement in segregation.  *See* Paper No. 40 at Ex. Medical Records.  Absent any harm resulting from the challenged conditions, a constitutional claim cannot be sustained.

Conclusion

The court finds, based on the undisputed facts, that defendants are entitled to summary judgment on all claims raised in the complaint.  Accordingly, by separate order which follows, the motion for summary judgment shall be granted.


<u>December 4, 2006</u>                                          /s/_____
Date                                                             J. Frederick Motz
                                                                 United States District Judge